By the Court.
 

 In these appeals from the Public Utilities Commission, appellant, engaged in the business of transporting passengers by motor bus, asks for the reversal of a
 
 nunc pro fame
 
 order made by the commission on July 9, 1941, which disposed of his complaint against the Central Greyhound Lines, Inc., adversely to him. The substance of the complaint, filed February 20, 1941, was that Greyhound, also a carrier of passengers by motor bus, was violating the restrictions in its certificate No. 1444 and a certain order of the commission made on June 7, 1939, by transporting local passengers to and from Toledo, Port Clinton and Gypsum, in northern Ohio.
 

 
 *459
 
 By the commission’s order of July 9, 1941, it found that its former order of June 7, 1939, was ambiguous and subject to correction, found that as of June 7,1939, public necessity and convenience required the lifting of restrictions in Greyhound’s certificate No. 1444 as to the transportation of passengers between Toledo, Port Clinton and Gypsum, reissued the order of June 7, 1939,
 
 nunc pro tunc
 
 to read accordingly, and dismissed the complaint.
 

 Prom the record it appears that for some time prior to March 17, 1939, Central Greyhound Lines, Inc., had operated buses between Cleveland and Toledo under several intrastate certificates of convenience and necessity, one of which was certificate No. 1444. This certificate, as originally issued, prohibited the transportation of passengers whose entire ride was between Toledo and Booth, Bono, Port Clinton, Gypsum, San-dusky and Norwalk, and the reverse.
 

 On March 17,1939, Greyhound filed application with the commission, asking among other things that the restriction on the carriage of passengers between Toledo and Bono, Booth, Port Clinton and Gypsum, and the reverse, be lifted. Several protestants against such application appeared at the hearing on April 20, 1939, including the Ohio Public Service Company, then operating an electric traction line and which would have been affected if the Greyhound application were granted in the particulars outlined. Appellant herein was not among the protestants, for at that time his rights were not directly involved.
 

 Upon the hearing of the application to amend, counsel for Greyhound stated that the application had been filed with the definite understanding that the traction line was about to discontinue operations, but upon the basis of representations of such traction line to the contrary, Greyhound was willing to withdraw its request as to the removal of the restrictions on the car
 
 *460
 
 riage of passengers between Toledo and Bono, Booth, Port Clinton and Gypsum.
 

 It would seem plain that the statement of counsel was made under the mistaken belief that the traction line would continue to operate, and that otherwise there would have been no withdrawal of the request.
 

 On May 15, 1939, less than a month after the April hearing, the Ohio Public Service Company applied to the commission for leave to abandon its competing service, and such application was granted June 22, 1939.
 

 In its order of June 7, 1939, the commission found that “the public convenience and necessity do not require the removal of the restrictions now imposed upon certificate No. 1444.” However, by a later paragraph in the same order directing the issuance of new certificate No. 1444, restrictions on passenger carriage between Toledo and Norwalk, Bono and Booth, were noted, but no mention was made of any restrictions between Toledo and Gypsum and Port Clinton. Conflict and confusion ■ were consequently present in the same order. Nothing further transpired before the commission until appellant registered the complaint referred to above.
 

 It is significant that on June 7, 1939, appellant filed application with the commission to operate his buses between Toledo and Port Clinton over a substantially different route than theretofore covered, and that prior to such time he possessed no operating rights from Port Clinton and Gypsum into Toledo, and the reverse.
 

 Appellant contends: (1) That the application of Greyhound was amended at the hearing on April 20, 1939, by the statement of its counsel, so as to remove from the consideration of the commission any question as to the lifting of restrictions on certificate No. 1444; (2) that if such application was not amended, any lifting of restrictions was denied in the order of June
 
 *461
 
 7, 1939; and (3) that the commission lacked the power to remove restrictions by its
 
 nunc pro tuno
 
 order of July 9, 1941.
 

 The commission’s finding and order of July 9, 1941, are unusually complete and the material and pertinent paragraphs thereof are as follows:
 

 “The examiner who heard the case testified at the instant hearing that he knew of this application by Ohio Public Service Company to abandon service and as a result of the same, recommended to the commission the lifting of the restrictions against the. Central Greyhound Lines, Inc., in favor of the Ohio Public Service Company, prior to the commission’s issuance of its order of June 7, 1939. This commission takes judicial notice of its own records and so had judicial notice of the fact that the Ohio Public Service Company had filed an application to abandon this service. The commission would have been derelict in its duty to the public if it had not taken cognizance of this application, by the Ohio Public Service Company, to abandon service and had it not lifted the restrictions in the Central Greyhound Lines, Inc., certificate. Otherwise, there would have been no service to the public in this territory. The complainant, Gottleib Schuster, d. b. a. Port Clinton Coach Lines, at the time of this hearing, had no rights to serve this territory.
 

 “The complainant contends that the commission did not have jurisdiction to make an order involving the restrictions contained in certificate 1444. The application of 'Central Greyhound Lines, Inc., filed March 17, 1939, contained a request for the lifting of these restrictions. The complainant argues that the Central Greyhound Lines, Inc., amended its application at the hearing of April 20,1939, so as to withdraw its request for the lifting of these restrictions and that this alleged amendment removed the question of these restrictions from the jurisdiction of the commission. No formal amendment was filed, but the complainant contends
 
 *462
 
 that the statements at the hearing made by the counsel for Central Greyhound Lines, Inc., were sufficient to constitute such an amendment. These statements are quoted abov.e. The commission is of the opinion that such statements by counsel do not amount to an amendment of the application.. The statement was predicated upon information, subsequently made incorrect by changed conditions, supplied by the party for whose benefit the restriction was imposed. Notice of the application was given by publication to all concerned. Nothing would have been gained by requiring the applicant to file a new application and to give a new notice by publication. This complainant was not injured as any rights he has in this territory were acquired subsequent to this application. We hold that the question of the restrictions contained in certificate No. 1444 was propérly before us at the time of our order of June 7, 1939. * * *
 

 “Ordered,'that a
 
 nunc pro time
 
 order be issued reissuing the order of the commission issued June 7, 1939, in case No. 9887, and changing the finding complained of in said order to read as follows:
 

 ‘ ‘ ‘ That the public convenience and necessity require the removal of the restrictions against the transportation of passengers whose entire ride is between Toledo and Gypsum, Ohio, and Toledo and Port Clinton, Ohio, now imposed -upon said certificate No. 1444, and the application in so far as it seeks such removal should be, and hereby is granted; that the application in so far as it seeks the removal of the restriction against the transportation of passengers whose entire ride is between Toledo and Bono, Ohio, and Toledo and Booth, Ohio, should be, and hereby is, denied.’ ”
 

 While technically considered the contested order may be somewhat arbitrary and subject to criticism, we are satisfied that it represents an act of substantial justice in the public interest relating to a matter peculiarly within the jurisdiction of the Public Utilities Commis
 
 *463
 
 sion. Under the circumstances narrated we do not feel justified in holding the order unreasonable or unlawful, and it will therefore stand affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.